UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENOLD SMITH                                           CIVIL ACTION

VERSUS                                                 NO. 21-1485

CITY OF NEW ORLEANS AND                                SECTION M (2)
OFFICER NEIL CARTER

## **ORDER & REASONS**

Before the Court is a motion by defendant the City of New Orleans (the "City") for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1]  The motion was set for submission on May 19, 2022.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was May 11, 2022.  Plaintiff Renold Smith, who is represented by counsel, did not file an opposition.  Accordingly, because the motion is unopposed and appears have merit,[3]

---

[1] R. Doc. 16.

[2] R. Doc. 16-3.

[3] This matter involves alleged civil rights violations and pendant state-law claims.  Smith alleges that defendant Neil Carter, an officer of the New Orleans Police Department ("NOPD"), unlawfully and unjustifiably used his conducted energy weapon ("tazer") on Smith when Smith's back was to Carter as Smith was walking away.  R. Doc. 1 at 2.  Smith filed a complaint with the NOPD, which sustained the allegations finding that Carter violated NOPD policy in deploying his tazer against Smith.  *Id.* at 3.  Smith then filed this action against Smith and the NOPD alleging that Smith violated his constitutional rights guaranteed by the Fourth and Eighth Amendments and committed various state-law torts.  *Id.* at 4-8.  Smith further alleges that the NOPD is vicariously liable as Carter's employer.  *Id.*  The City moved for judgment on the pleadings under Rule 12(c) arguing that Smith cannot state a *Monell* or respondeat superior claim against it because Carter was acting outside the scope of his employment as an NOPD officer when he deployed his taser.  R. Doc. 16-1 at 1-13.  Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any rights secured by the Constitution and laws of the United States.  42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-94 (1978).  The statute is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.  *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999).  To pursue a claim under § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *Sw. Bell Tel., LP v. City of Hous.*, 529 F.3d 257, 260 (5th Cir. 2008); *see also West v. Atkins*, 487 U.S. 42, 48-50 (1988).  When a § 1983 claim is brought against a governmental entity under *Monell*, the plaintiff must establish: (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy

IT IS ORDERED that the City's motion for judgment on the pleadings (R. Doc. 16) is GRANTED, and his claims against the City are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 16th day of May, 2022.

                                                                  BARRY W. ASHE
                                                                  UNITED STATES DISTRICT JUDGE

---

or custom. *Valle v. City of Hous.*, 613 F.3d 536, 541-42 (5th Cir. 2010). Smith has not alleged a *Monell* claim against the City because he cannot point to a custom or policy that was the moving force behind the alleged constitutional violation. Indeed, the opposite is true. In response to Smith's complaint, the NOPD found that Smith was not conforming to NOPD policy when he used his tazer on Smith. In addition, Smith does not allege with the requisite specificity how the City failed to properly train Carter. Thus, Smith cannot maintain a § 1983 claim against the City. Moreover, under the theory of respondeat superior "employers are answerable for the damage occasioned by their [employees], in the exercise of the functions in which they are employed." La. Civ. Code art. 2320. "[F]or an employer to be vicariously liable for the tortious acts of its employee the tortious conduct of the employee must be so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest." *Baumeister v. Plunkett*, 673 So. 2d 994, 996 (La. 1996) (original alteration and quotation omitted). "Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective." *Id.* (quotation omitted). Here, the NOPD has found that Smith was acting outside the scope of his employment and against NOPD policy when he tazed Smith. There is no evidence to suggest otherwise. Thus, Smith's state-law claims against the City must also be dismissed.